IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE CADLE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:97-CV-298-L |
| | § | |
| SWEET & BROUSSEAU, P.C., | § | |
| CHANTILIS & BROUSSEAU, P.C., | § | |
| MARY ANN S. BROUSSEAU, | § | |
| MARK D. WINNUBST, and | § | |
| JAMES W. ROSE, JR., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Exclude Deposition Testimony by Plaintiff's Expert, James P. Wallace ("motion to exclude"), filed February 8, 2006. Upon careful consideration of the motion, response, reply, supplemental briefing, appendices, argument made at the pretrial conference, and applicable law, the court **grants** Defendants' Motion to Exclude Deposition Testimony by Plaintiff's Expert, James P. Wallace.

I.      **Procedural and Factual Background**

This legal malpractice action was filed on February 13, 1997. Plaintiff The Cadle Company ("Plaintiff" or "Cadle") brought this action against Defendants Sweet & Brousseau, P.C. ("S&B"); Chantilis & Brousseau, P.C. ("C&B); Maryann S. Brousseau ("Brousseau"); Mark D. Winnubst ("Winnubst"); and James W. Rose, Jr. ("Rose") (collectively referred to as the "Brousseau Defendants").

On May 18, 1998, Cadle designated former Texas Supreme Court Justice James P. Wallace as an expert witness concerning "legal malpractice." Cadle's Third Amended Witness and Exhibit Disclosures, which was filed January 23, 2006 and is its operative witness list, sets forth the following narrative summary of the testimony to be elicited from former Justice Wallace:

> Judge Wallace is an expert witness who has been retained by Cadle to provide expert testimony on the legal malpractice issues in this case. The witness has been deposed; his testimony is probable; and he will provide expert testimony as to the legal malpractice issues in this case. Due to his age, illness and infirmity, Judge Wallace will not be able to testify live at the trial. Accordingly, pursuant to [Fed. R. Civ. P.] 32(a)(3)(C), Judge Wallace's testimony will be provided through the deposition that he has provided in this case.

Pl.'s Third Am. Wit. & Ex. Discl. at 3. The parties subsequently filed designations and cross-designations of deposition pages for former Justice Wallace.

Former Justice Wallace issued a two-page expert report on November 16, 1998. In the report, he opined, among other things, that "the firm of Chantillis and Brousseau and their employee lawyer Winnubst was negligent and thus guilty of Malpractice in their conduct . . . ." Defs' App. at 23. At his oral deposition, which occurred October 22, 2002 ("deposition"), Justice Wallace stated, among other things, that if an opposing lawyer asks the court to take judicial notice of the court's file, "the other lawyer's duty is to either know exactly what is in that file or to call for a recess and examine the file to determine what's in there before he can agree that the judge could take judicial notice of it." Defs' App. at 12.

Upon leave of court, the Brousseau Defendants filed their motion to exclude on February 8, 2006. They contend that Cadle, as the proponent of Wallace's testimony, cannot do the following: (1) qualify former Justice Wallace as an expert witness offering testimony on legal malpractice pursuant to Fed. R. Evid. 702; (2) demonstrate that his opinions are the product of reliable principles

**Memorandum Opinion and Order - Page 2**

and methods ; or (3) demonstrate that he applied the principles and methods reliably to the facts of the case. *See* Mot. to Exclude at 2. Cadle filed its Response on February 17, 2006. Cadle counters, contending that Wallace is sufficiently qualified under Fed. R. Evid. 702 to give expert testimony concerning the legal malpractice issues in this case based on his knowledge, skill experience, training, and education.

The court held a pretrial conference on February 17, 2006 and entertained argument from the parties concerning Defendants' motion. In a follow-up order filed that same day, the court stated that while it did not question the overall or general experience of Justice Wallace, for the reasons stated in open court, it considered the evidence before it to be insufficient to qualify or establish him as an expert on legal malpractice pursuant to Fed. R. Evid. 702, and therefore was inclined to grant the motion. *See* Feb. 17, 2006 Order at 2-3. The court instructed Cadle to supplement and provide it with materials which may be in the possession of the parties - including relevant deposition pages - to support Wallace's qualification.[1] Cadle timely provided the court with its Supplemental Response on February 21, 2006. This supplement provided the court a total of seven additional pages from former Justice Wallace's deposition.

## II.     Standard for Admitting Expert Testimony

Federal Rules of Evidence 702 and 703, as interpreted in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), govern the admissibility of testimony of expert witnesses. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an

---

[1]The court prohibited Cadle from providing materials beyond those gathered or exchanged during discovery, and stated that Plaintiff could not file new affidavits, declarations, or evidence not gathered or exchanged during discovery. *See* Feb. 17, 2006 Order at 3.

**Memorandum Opinion and Order - Page 3**

expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Accordingly, before allowing expert testimony to be heard, a district court must be assured that the proffered witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training or education." *See id*. A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject. *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). The issue is whether a particular expert has "sufficient specialized knowledge to assist the jurors [or trier of fact] in deciding the particular issues . . . ." *Kumho*, 526 U.S. at 156 (internal quotation omitted).

In evaluating the admissibility of exert testimony, the key factors are reliability and relevance. *Daubert*, 509 U.S. at 589 (under Rule 702, expert testimony must be "not only relevant, but reliable"). The relevancy requirement ensures that the expert testimony will actually "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id*. Fed. R. Evid. 401 defines relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The reliability requirement ensures that the expert testimony is "supported by appropriate validation" and "establishes a standard of evidentiary reliability." *Daubert*, 509 U.S. at 590. This determination requires the court to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592-93. To assist the court in this determination, the Supreme Court has suggested that trial courts examine a nonexclusive list of

factors including whether a theory or technique has or can be tested, published, subjected to peer review, has or can be subjected to standards controlling its operation, the known or potential rate of error, and whether the theory or technique is generally accepted. *Id*. at 593-94. The Court has also instructed trial courts to "be mindful of other applicable rules," such as Rules 703, 706, and 403, when determining the admissibility of expert testimony. *Id*. at 595.

*Kumho* stressed that the *Daubert* factors may be relevant to the reliability of experience-based testimony. The overarching goal of *Daubert*'s gatekeeping requirement, however, is to ensure the reliability and relevancy of expert testimony and to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho*, 526 U.S. at 152. The party offering the expert testimony has the burden of establishing that it is admissible under Rule 702 and the *Daubert-Kuhmo* standard. *See Kumho*, 526 U.S. at 147.

III.   **Analysis**

   A.   **Cadle Has Failed to Establish that Wallace is Qualified Pursuant to Fed. R. Evid. 702**

At the February 17, 2006 pretrial conference, the court inquired whether the evidence before it was sufficient to qualify or establish former Justice Wallace as an expert on legal malpractice pursuant to Fed. R. Evid. 702. Cadle argued that Wallace is qualified because of the knowledge and experience he learned and applied as a practicing attorney; a former civil trial judge on the 215th District Court in Harris County, Texas; a former justice on the Texas Court of Appeals, First District at Houston; and a former justice on the Texas Supreme Court.[2] The Brousseau Defendants

---

[2]At the hearing, Cadle conceded that it was offering Wallace's designated testimony based upon his general experience in various capacities as a Texas civil judge.

**Memorandum Opinion and Order - Page 5**

contended that Cadle cannot qualify Wallace merely by showing that he is a licensed attorney, or even "a former trial and appellate judge." Mot. to Exclude at 6.[3]  The court stated, on the record and in its follow-up order, that it was inclined to grant the motion to exclude unless Cadle could provide supplemental information demonstrating that Wallace possesses specialized knowledge or experience about the legal malpractice issues involved in the case which could assist the trier of fact in understanding the evidence or determining a fact in issue.

The most salient evidence Cadle provided in its supplement, filed February 21, 2006, is the portion from Wallace's deposition set forth below:

Q:      Okay.  Would it be fair to say that currently - is all your work now with
        Soules & Wallace expert witness work?

A:      The vast majority of it is, yes.

Q:      Okay.  And it's been that way for the last several years?

A:      Last six, eight years, yeah, probably.
                        . . .

Q:      . . . [what] kinds of cases do you give expert opinion?

A:      More legal malpractice than anything else, but - that's the biggest majority.

Pl's App. to Suppl. Resp. at 4.  Cadle also provided a deposition excerpt in which Wallace stated that he provided full-time expert witness work to "five to six" cases in any given moment and that he was working on "four or five" cases at the time of his deposition.  *Id*. at 5-6.

Upon review of Cadle's supplemental materials, as well as the record, the court concludes that Cadle has produced insufficient evidence to qualify Wallace as an expert pursuant to Fed. R.

─────────────────────────

[3]They argued that Wallace's service in various legal capacities, including that as a justice on the Texas Supreme Court, cannot alone qualify him "to testify about the standard of care and causation in this case" pursuant to Fed. R. Evid. 702.  Mot. to Exclude at 6.

**Memorandum Opinion and Order - Page 6**

Evid. 702, since Cadle has failed to produce evidence that Wallace has sufficient specialized knowledge to assist the trier of fact in deciding the legal malpractice issues applicable to this case. *See* Fed. R. Evid. 702. The court makes this determination based upon its reasons stated on the record at the February 17, 2006 pretrial conference and hereby incorporates those reasons as it repeated herein verbatim.[4]

The court determines that all which may be inferred from Cadle's supplemental materials is that when Wallace has conducted expert work, he has done so primarily in legal malpractice cases. The court remains in the dark about the particular malpractice issues Wallace addressed in such cases, as well as whether such cases proceeded to trial.[5] The Fifth Circuit has stated, albeit pre-*Daubert*, that a medical degree "alone is not enough to qualify [a physician] to give an opinion on every conceivable medical question." *Christophersen v. Allied-Signal Corp.*, 939 F.2d 1106, 1113 (5th Cir. 1991) (per curiam), *cert. denied*, 503 U.S. 912, *overruled on other grounds by Daubert*, 509 U.S. at 587 n.5. By analogy, that a person may be a licensed attorney, or even a judge, who holds years of experience in the practice of law, standing alone, will not qualify him or her to give an opinion on every conceivable legal question, including legal malpractice issues. *Cf. Christophersen*, 939 F.2d at 1113; *Copley v. Smith & Nephew, Inc.*, No. A.H.-97-2910, 2000 WL 223404, at *3-4 (S.D. Tex. Feb. 2, 2000) (Atlas, J.).

---

[4]In light of the present ruling, the court need not address the following contentions or objections made by the Brousseau Defendants: (1) contention that Wallace testified to matters beyond those pleaded by Cadle in its First Amended Complaint; (2) contention that former Justice Wallace's opinion concerning causation is inadmissible; (3) objections to alleged hearsay passages in Wallace's deposition.

[5]At the pretrial conference, the court learned that Mr. Dean Armstrong, Cadle's attorney, had retained Justice Wallace as an expert in another case, that such case did not proceed to trial, and that Justice Wallace's deposition was not taken in that case. Likewise, the record does not establish the frequency or number of times that Justice Wallace dealt with legal malpractice issues as a lawyer, judge or justice, or specify the level of involvement he had regarding legal malpractice. Finally, the record is devoid of any evidence regarding Justice Wallace's participation in seminars or conferences, or any writings or publications authored by him on the subject of legal malpractice.

**Memorandum Opinion and Order - Page 7**

The court also finds Cadle's assertion that Wallace has "had experience with lawyers in his courtroom requesting that he take judicial notice of the [court's] file" to be unsupported by the record. Resp. at 2. In fact, Wallace gave deposition testimony that he did not, as a judge, "recall ever having been requested to take judicial notice of anything other than a particular document. It could have happened, but I don't recall if it did." Pl's App. to Resp. at 9. Accordingly, for the reasons stated by the court on the record at the February 17, 2006 pretrial conference, and those stated in this order, the court concludes that Cadle has not established that Justice Wallace is qualified to testify as an expert pursuant to Fed. R. Evid. 702.

**B.      Cadle has Failed to Establish that Wallace's Opinions are Reliable Pursuant to Fed. R. Evid. 702**

The Brousseau Defendants contend that Cadle cannot demonstrate that Wallace relied upon sufficient facts or data because, in his deposition testimony, he did not articulate the facts or data he relied upon to reach his opinions, and did not explain the methods shaping his testimony. Cadle counters, contending that Wallace's deposition testimony shows that his opinions are sufficiently reliable to be considered by the jury. Specifically, Cadle refers to Wallace's testimony that he was familiar with "deemed admissions" and that he was experienced on issues pertaining to requests for admissions "back in 1992 when [the underlying] case was tried . . . ." Pl's App. to Resp. at 10.

Even if the court were to conclude that Wallace was qualified pursuant to Fed. R. Evid. 702, the court agrees with the Brousseau Defendants that Cadle has failed to demonstrate that Wallace's testimony is reliable. In cases where an expert's testimony is based mainly on personal observations and professional experience, the court, as the *Daubert* gatekeeper, "must probe into the reliability of these bases when determining whether the testimony should be admitted." *Pipitone v. Biomatrix,*

*Inc.*, 288 F.3d 239, 247 (5th Cir. 2002).[6]  Here, Cadle has not provided the court with sufficient information concerning the facts and data underlying Wallace's testimony or the principles and methodology which shaped it.  In fact, Wallace stated in his deposition that he had not personally examined the file in the underlying suit.  *See* Defs' App. at 13, 20.  Accordingly, upon careful review of Wallace's expert report, the relevant excerpts from Wallace's deposition, and Cadle's supplemental materials, the court determines that Cadle has failed to demonstrate that Wallace's testimony is based upon sufficient facts or data, and, therefore, the product of reliable principles and methods.  *See* Fed. R. Evid. 702.[7]

## IV.  Conclusion

For the reasons stated herein, and on the record at the February 17, 2006 pretrial conference**,** the court **grants** Defendants' Motion to Exclude Deposition Testimony by Plaintiff's Expert, James P. Wallace.  Former Justice Wallace may, in fact, possess "specialized knowledge" and expertise concerning legal malpractice issues; however, the *record* before the court does not establish that he has such "specialized knowledge" and expertise that would *qualify* him to offer expert testimony

---

[6]In other words, the court must ensure that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.  *See Kumho*, 526 U.S. at 152.

[7]The court notes that the parties have only sparingly addressed whether, in his deposition, Justice Wallace applied the principles and methods reliably to the facts of the case.

**Memorandum Opinion and Order - Page 9**

pursuant to Fed. R. Evid. 702.  Accordingly, the court **excludes** the deposition testimony of Justice

Wallace as evidence in the trial of this action.

      **It is so ordered** this 23rd day of February, 2006.


Sam A. Lindsay
United States District Judge